UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
New Albany Division

JOSHUA HARRISON
407 E. Charlestown Avenue
Jeffersonville, IN 47130

       Plaintiff

v.                                      CASE NO. 4:22-cv-47

CITY OF JEFFERSONVILLE
500 Quartermaster Court, Suite 156
Jeffersonville, IN 47130

JEFFERSONVILLE POLICE DEPARTMENT
2218 E. 10th Street
Jeffersonville, IN 47130

KEITH BROADY
2218 E. 10th Street
Jeffersonville, IN 47130

TODD BREWER
2218 E. 10th Street
Jeffersonville, IN 47130

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

     Now into Court comes Plaintiff, Joshua Harrison, through undersigned counsel and files this Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

### I. NATURE OF THE ACTION

Mr. Harrison brings this action in order to recover damages based upon:

    a. Deprivation of rights protected under 42 U.S.C. §1983, specifically violations of Mr. Harrison's rights guaranteed under the United States Constitution, particularly the Fourth and Fourteenth Amendments and supplemental State tort claims.

   b. Mr. Harrison seeks damages, declaratory judgment, costs and attorney's fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

## II. SYNOPSIS

Mr. Harrison's injuries occurred by the actions and/or inactions, of the Jeffersonville Police Department, by and through its employees, Officers Keith Broady and Todd Brewer. The injuries he sustained during his arrest all occurred at the hands of the defendants while they followed express policies, or widespread practices which caused a constitutional depravation. The violations and injury also arose from expressed defective policies and/or procedures instituted by the City of Jeffersonville City Council.

## III. JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201. This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental State tort claims.

2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.

3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.

4. This Court has personal jurisdiction over the Defendants who at all times relevant conducted business in Clark County, Indiana.

5. Venue is appropriate in this Court because of the proximity of this Court to Clark County, Indiana.

## IV.  PARTIES

6. Plaintiff, Joshua Harrison, ("Mr. Harrison"), is a person of the full age of majority and at all times relevant was a resident of 407 E. Charlestown Avenue, Jeffersonville, IN 47130.

7. Defendant, City of Jeffersonville, ("Defendant Jeffersonville"), is a municipal corporation for the local government of Jeffersonville, IN and operates and governs the Jeffersonville Police Department pursuant to the laws of Jeffersonville and the State of Indiana.  In this case, Defendant Jeffersonville acted through its agents, employees and servants, including the Mayor, Common Council and Jeffersonville Police Officers Broady and Brewer.

8. Defendant Jeffersonville Police Department, ("Defendant JPD"), is a municipal agency and at all times is responsible for conducting criminal investigations in the City of Jeffersonville, Clark County Indiana.

9. Defendant Keith Broady, ("Defendant Broady"), was at all times relevant a police officer with the Jeffersonville Police Department.

10. Defendant Todd Brewer, ("Defendant Brewer"), was at all times relevant a police officer with the Jeffersonville Police Department.

## V.  FACTS

11. On April 4, 2020, at approximately 12:52 p.m. Mr. Harrison was driving northbound on Springdale Drive in Jeffersonville, IN when he experienced a medical emergency, i.e., a seizure.  The seizure caused Mr. Harrison to black out, lose control of his vehicle and strike a parked vehicle.

12. A witness went to Mr. Harrison's aide and found him unconscious with his foot still on the gas. Mr. Harrison's hand hit the gear shift causing the car to go into reverse and hit a house.

13. Mr. Harrison was going to get pizza. He had not been drinking or done any drugs that day.

14. Mr. Harrison remembered feeling as if he was going to pass out. Before he could pull over, he blacked out. The accident occurred at that time.

15. According to a witness, Defendants Brewer and Broady drug Mr. Harrison from the car. She heard Mr. Harrison saying "Stop, stop, get off me I don't know what's happening."

16. According to Defendants Brewer and Broady, Mr. Harrison was non-compliant, non-responsive to verbal commands and began to physically resist the officers.

17. According to Defendant Brewer's arrest report, because Mr. Harrison did not appear to feel pain, Defendants Brewer and Broady used no pain restraint maneuvers.

18. According to Officer Woodard, who investigated the accident, Defendant Brewer advised him that Mr. Harrison "did not sustain any injuries from the accident. He was transported to the hospital due to injuries sustained after the accident occurred."

19. Diagnostic testing done at Clark Memorial Hospital evidenced that Mr. Harrison had 7th, 8th and 9th rib fractures and superior and inferior sternal fractures. A breathing tube was placed because he stopped breathing at some point. He also sustained abrasions to his face where he was rolled around on the concrete.

20. Defendant Jeffersonville's government is made up of the City Council which forms a legislative body and exercises its power through the passage of ordinances and the appropriation of money, and the Mayor who enforces the ordinances of the city and the

statutes of the state and adopts rules and regulations for individual departments, including but not limited to the Jeffersonville Police Department.

21. Defendant Jeffersonville, by and through its agents, employees and servants, has final policy making authority and is responsible for enacting, repealing, and amending local laws, General Orders, policies and procedures for the city government's various departments, agencies, and municipal corporations, including but not limited to the Jeffersonville Police Department.

22. Defendant Jeffersonville as the final policy making authority is responsible for the actions and/or inactions of its agents, employees and servants, including but not limited to officers employed by the Jeffersonville Police Department, when they act pursuant to an express policy or widespread practice which is so well settled as to constitute a custom or usage with the final force of law.

23. At all times relevant, Defendants Broady and Brewer were employed by Defendant JPD.

24. Mr. Harrison has suffered permanent physical and emotional harm as a result of the direct actions and inactions of the Jeffersonville City Council and JPD officers.

## V.  CAUSES OF ACTION

### Causes of Action I through IV
### Violations of 42 U.S.C. §1983

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 24 this Complaint, as if those statements were fully articulated within this cause of action.

25. The above-described excessive use of force was without legal justification.

26. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

27. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that:

    a. the defendant deprived him of a right secured by the Constitution or any law of the United States, and

    b. the deprivation of that right resulted from the defendant acting under color of law.

28. In a 42 U.S.C. §1983 municipal liability claim, a plaintiff must produce evidence of:

    a. an express policy that, when enforced, causes a constitutional deprivation,

    b. a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law, or

    c. an allegation that the constitutional injury was caused by a person with final policymaking authority.

29. At all times relevant, Mr. Harrison had clearly established constitutional rights under the Fourth and Fourteenth Amendments to be secure in his person from unreasonable seizure through excessive force.

30. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

### Cause of Action I
### Violations of 42 U.S.C. §1983 Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth
### As to Defendants Jeffersonville and Jeffersonville Police Department

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

31. At the time of the complained conduct, Defendant Jeffersonville and Defendant JPD, by and through their agents, employees and servants, knew or should have known of the rights set forth in paragraph 29 above, as they were clearly established.

32. Defendant Jeffersonville was, at all times relevant, the policymaker for the Jeffersonville Police Department, and in that capacity promulgated and implemented policies, procedures, customs, and/or practices for Defendant JPD.

33. Defendant Jeffersonville is properly sued under 42 U.S.C. §1983 for the deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures of its agents, employees and servants which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries to citizens during a routine accident investigation in which they have experienced a medical emergency, and particularly to Mr. Harrison.

34. Defendant Jeffersonville is properly sued directly under 42 U.S.C. §1983 due to the actions and/or inactions, of its agents, employees and servants acting in their official capacities, which violated Mr. Harrison's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure through excessive force by law enforcement by their deliberate indifference to citizens' rights during a routine accident investigation in which they have experienced a medical emergency, and particularly to Mr. Harrison.

35. Defendant Jeffersonville, by and through its employees acting in their official capacities, violated Mr. Harrison's Constitutional Rights to body integrity, to be free from the use of excessive force by law enforcement; to wit, when Defendants Brewer and Broady used no pain restraint maneuvers on Mr. Harrison in a manner and for a reason not permitted.

36. Defendant Jeffersonville developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference and/or are objectively unreasonable to the constitutional rights of citizens who have experienced a medical emergency, which were

moving forces behind and proximately caused the violations of Mr. Harrison's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

37. Defendant JPD has created and tolerated an atmosphere of lawlessness, in a manner amounting to deliberate indifference and/or objective unreasonableness to the constitutional rights of Mr. Harrison and of the public. Specifically, on information and belief, on multiple occasions officers of Defendant JPD's have employed the use of the no pain restraint maneuvers in violation of policy without disciplinary action being taken.

38. Defendant JPD is deliberately indifferent to citizens' civil rights, and particularly Mr. Harrison's rights, by and through its failure and/or refusal to promulgate, train, implement, enforce, and/or supervise best practice policies and procedures specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person and the use of force when engaging with citizens during a routine accident investigation in which they have experienced a medical emergency.

39. Defendant JPD is deliberately indifferent to citizens' civil rights, and particularly Mr. Harrison's rights, by and through its failure and/or refusal to promulgate, maintain, train, implement, enforce, and/or supervise best practice policies and procedures, specifically failing to provide seizure recognition training for its officers, and particularly Defendants Brewer and Broady.

40. The acts and/or omissions of Defendant JPD by and through its agents, employees and servants, as described herein, intentionally deprived Mr. Harrison of his constitutional and statutory rights and caused him damages.

41. As a direct result of Defendant JPD's agents, employees and servants unlawful conduct, Mr. Harrison has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the unlawful conduct, Mr. Harrison has incurred special damages, including medical expenses and will continue to incur further medical expenses and other special damages related expenses.

42. On information and belief, Mr. Harrison may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries. Mr. Harrison is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

43. In addition to compensatory, economic, consequential and special damages, Mr. Harrison is entitled to punitive damages as applicable pursuant to 42 U.S.C. § 1983.

44. Defendants are not entitled to qualified immunity for the complained of conduct. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

### Cause of Action II
### Violations of 42 U.S.C. §1983
### As to Defendants Brewer and Broady

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 44 this Complaint, as if those statements were fully articulated within this cause of action.

45. At the time of the complained conduct, Defendants Brewer and Broady, knew or should have known of the rights set forth in paragraph 29 above, as they were clearly established.

46. At all times relevant to this action, Defendants Brewer and Broady were acting under the color of the law pursuant to their authority as officers of Defendant JPD, and under color of the statutes, ordinances, regulations, policies, customs and usage of Defendant Jeffersonville and the State of Indiana.

47. Pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, Defendants Brewer and Broady, acting in their official and personal capacities, owed Mr. Harrison a duty to act prudently and with reasonable care and to otherwise avoid the use of excess force.

48. Defendants Brewer and Broady violated Mr. Harrison's Fourth and Fourteenth Amendment Rights by the use of excessive force and the deprivation of life and liberty without due process of law by their deliberate indifference and/or objective unreasonableness to Mr. Harrison's civil rights as protected by the Constitution: to wit, Defendants Brewer and Broady applying no pain restraint maneuvers and their failure to recognize that he was experiencing a medical emergency, i.e., a seizure.

49. At the time Defendants Brewer and Broady engaged Mr. Harrison, he was not a threat to the safety of Defendants Brewer and Broady or others.

50. Defendants Brewer and Broady's callous and intentional use of excessive force and use of no pain restraint maneuvers, shocks the conscience and violated Mr. Harrison's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

51. Defendants Brewer and Broady actions were entirely unjustified and their actions constituted the excessive use of force and abuse of power. The brutal effect of the no pain restraint maneuvers by Defendants Brewer and Broady were carried out in such a grossly negligent and intentional fashion that it demonstrated a lack of regard for Mr. Harrison' right to be free from unnecessary and unlawful bodily harm or threats and without the due care and diligence which a prudent and reasonable officer would have displayed.

52. Defendants Brewer and Broady engaged in the conduct described by this Complaint willfully, maliciously, callously, with deliberate indifference, objective unreasonableness, in bad faith and in reckless disregard of Mr. Harrison's federally protected constitutional rights. The brutal no pain restraint maneuvers implemented by Defendants Brewer and Broady were carried out willfully, maliciously, and with such reckless disregard of the consequences as to reveal a conscious indifference to the clear risk of harm to Mr. Harrison. Defendants Brewer and Broady's lack of seizure recognition and refusal to de-escalate the situation evidenced a reckless regard of the consequences as to reveal a conscious indifference to the clear risk of harm to Mr. Harrison.

53. Defendants Brewer and Broady acted with shocking and willful indifference to Mr. Harrison's rights and their conscious awareness that they would cause Mr. Harrison severe physical and emotional injuries: to wit, when Defendants Brewer and Broady intentionally using no pain restraint maneuvers while engaging Mr. Harrison as he suffered from a medical emergency, i.e., a seizure.

54. As a proximate result of Defendants Brewer and Broady's unlawful conduct, Mr. Harrison has suffered actual physical and emotional injuries, and other damages and

losses as described herein entitling him to compensatory, special and punitive damages.

55. As a further result of Defendants Brewer and Broady's unlawful conduct, Mr. Harrison has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. Mr. Harrison is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him for his injuries and for the violations of his civil rights as protected by the Constitution.

56. On information and belief, Mr. Harrison may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury. Mr. Harrison is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

57. In addition to compensatory, economic, consequential and special damages, Mr. Harrison is entitled to punitive damages against Defendants Brewer and Broady under 42 U.S.C. § 1983, in that their actions were taken maliciously, willfully or with a reckless or wanton disregard of Mr. Harrison's civil rights as protected by the Constitution.

58. Defendants Brewer and Broady are not entitled to qualified immunity for the complained of conduct.

59. At all times relevant to this action, Defendants Brewer and Broady were acting under the color of the law under their authority as officers of Defendant JPD, and under color of the statutes, ordinances, regulations, policies, customs and usage of Defendant Jeffersonville and the State of Indiana.

### Cause of Action V through VIII
### Negligence

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements

contained in paragraphs 1 through 59 this Complaint, as if those statements were fully articulated within this cause of action.

60. The elements of a negligence cause of action consist of (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant (3) which proximately causes (4) plaintiff's damages.

61. Defendants owed Mr. Harrison a duty to act prudently and with reasonable care, to avoid the use of unnecessary and unreasonable force, to reasonably secure proper medical treatment, and not to act in a negligent manner.

62. As set forth below, the Defendants' breached their duty to Mr. Harrison proximately causing his damages.

## Cause of Action V
## Negligent Training and Supervision
## Negligence on Behalf of Defendants Jeffersonville and JPD

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 62 this Complaint, as if those statements were fully articulated within this cause of action.

63. Defendants Jeffersonville and JPD were negligent by their promulgation, implementation, and enforcement of unreasonable policies and procedures regarding the use of no pain restraint maneuvers or in the alternative for its failure to promulgate, implement, and enforce, reasonable and appropriate policies and procedures to train and/or supervise officers in the proper manner regarding the use and deployment of no pain restraint maneuvers.

64. Defendants Jeffersonville and JPD were negligent by their failure to promulgate, implement, and enforce, policies and procedures to train and/or supervise officers in the proper use of force.

65. Defendants Jeffersonville and JPD were negligent by their failure to promulgate, implement, and enforce, policies and procedures to train and/or supervise officers in seizure recognition.

66. Defendants Jeffersonville and JPD were negligent by their failure to promulgate, implement, and enforce policies and procedures to train and/or supervise officers in the proper exercise of reasonable care to preserve the life, health and safety of a person during a routine accident investigation in which they have experienced a medical emergency, and particularly to Mr. Harrison.

67. On or before April 4, 2020, Defendants Jeffersonville and JPD were under a duty to properly train, supervise, investigate and correct improper actions of JPD officers.

68. Defendants Jeffersonville and JPD, by and through their employees acting in their official capacities were negligent in their failure to promulgate, implement, maintain and/or enforce sufficient policies, procedures and/or training of their employees in the use of force when engaging with the public during a routine accident investigation in which they have experienced a medical emergency, and particularly Mr. Harrison.

69. Defendants Jeffersonville and JPD recklessly and without regard for the rights of others breached their duty to properly train, supervise, investigate and correct the improper actions of their employee police officers, including but not limited to instances of when officers used excessive force while investigating a routine accident in which individuals have experienced a medical emergency.

70. Defendants Jeffersonville and JPD's disregard for the rights of others, in particular those of Mr. Harrison, was the direct proximate cause of the substantial injuries he sustained.

71. As a result of Defendants Jeffersonville and JPD's failure to act, Mr. Harrison endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his Constitutional and civil rights.

72. Mr. Harrison is therefore entitled to money damages to compensate for all of his injuries.

### Cause of Action VI
### Negligence on Behalf of Defendant Brewer and Broady

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 72 this Complaint, as if those statements were fully articulated within this cause of action.

73. Defendants Brewer and Broady were negligent by their following of policies, procedures, and/or training, or in the alternative were negligent in their failure to follow policies, procedures, and/or training implemented by the JPD as to the proper manner regarding the use of no pain restraint maneuvers.

74. Defendants Brewer and Broady were negligent by their failure to follow policies, procedures, and/or training specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of JPD.

75. Defendants Brewer and Broady were negligent by their failure to follow policies and procedures and training in the proper use of force during a routine accident investigation in which an individual has experienced a medical emergency.

76. Defendants Brewer and Broady were negligent by their failure to follow policies and procedures and training in seizure recognition.

77. Defendants Brewer and Broady, acting in their official and personal capacities, were negligent by failing to follow policies and/or procedures designed to protect the health and safety of individuals, such as Mr. Harrison, in their care, custody and control.

78. Defendants Brewer and Broady were negligent and breached their duty of care to Mr. Harrison by, among other things, failing to comply with all applicable laws, statutes, regulations, training, police standards, police special and general orders with regard to the use of force in their treatment and actions toward Mr. Harrison.

79. Defendants Brewer and Broady had a duty to not conduct themselves in any way which may be construed as immoral, indecent, and/or unprofessional.

80. Defendants Brewer and Broady breached these duties owed Mr. Harrison, with such breach being the direct and proximate cause of Mr. Harrison's significant and severe injuries, specifically fractures to the 7th, 8th and 9th ribs and superior and inferior sternal fractures.

81. As a direct and proximate result of Defendants Brewer and Broady's negligence, Mr. Harrison suffered serious physical injury, suffered and will continue to suffer from pain, mental anguish and distress, and was caused economic damages, including but not limited to expenses for hospital and other medical care, as well as expenses for future medical care.

### Cause of Action and XI
### Assault and Battery
### As to Defendants Brewer and Broady

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 81 this Complaint, as if those statements were fully articulated within this cause of action.

82. The elements of a claim of battery are met when the defendant (1) acts intending to cause a harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and (2) a harmful contact with the person of the other directly or indirectly results.

83. Defendants Brewer and Broady committed battery against Mr. Harrison proximately causing his damages.

84. Mr. Harrison was in fear of imminent bodily harm when Defendants Brewer and Broady dragged him from his vehicle and began using no pain restraint maneuvers while Mr. Harrison was disoriented and recovering from a seizure during which he blacked out.

85. Defendants Brewer and Broady engaged in harmful and offensive contact with Mr. Harrison by dragging him from his vehicle and by using no pain restraint maneuvers.

86. The actions of Defendants Brewer and Broady are the direct cause of the injuries described above, specifically Mr. Harrison's rib and sternal fractures. Mr. Harrison is entitled to special damages which include pain and suffering, future pain and suffering, punitive damages and emotional trauma.

### Causes of Action XII through XIII
### Intentional Infliction of Emotional Distress

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 86 this Complaint, as if those statements were fully articulated within this cause of action.

87. The elements of a claim of intentional infliction of emotional distress are met when the defendant (1) engages in "extreme and outrageous" conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another.

88. Defendants Brewer and Broady engaged in the extreme and outrageous act of no pain

restraint maneuvers, without provocation while engaging Mr. Harrison, and then cuffing him while he was confused all with intentional and/or reckless disregard of his rights, health and safety.

89. As a result of Defendants Brewer and Broady's intentional and/or reckless acts, Mr. Harrison suffered and continues to suffer severe emotional distress.

90. Defendants Brewer and Broady committed the tort of intentional infliction of emotional distress against Mr. Harrison proximately causing his damages.

91. Mr. Harrison is therefore entitled to monetary damages to compensate him for his emotional injury.

## Cause of Action XIV
## Declaratory Relief

Mr. Harrison re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 91 of this complaint, as if those statements were fully articulated within this cause of action.

92. A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

93. Mr. Harrison seeks the Court to declare that he has been harmed by the Defendants Jeffersonville and JPD, through their employees, by their use of excessive force.

94. Mr. Harrison seeks the Court to declare that Defendants Jeffersonville and JPD, by and through their employees, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from the use of excessive force by law enforcement by their failure or refusal to promulgate, implement, maintain, enforce and/or follow policies and procedures intended to prevent the use of excessive force by Jeffersonville Police Officers.

95. Mr. Harrison seeks the Court to declare that Defendants Jeffersonville and JPD, by and through their employees, violated his Fourth and Fourteenth Amendment Rights to body integrity, to be free from the use of excessive force by law enforcement by their failure or refusal to provide seizure recognition training.

96. Mr. Harrison seeks the Court to declare that Defendants Brewer and Broady, acting in their official and personal capacities, violated his Fourth and Fourteenth Amendment Right to body integrity, to be free from the use of excessive force by law enforcement by their failure and/or refusal to follow policies and/or procedures designed regarding the use of force during a routine accident investigation in which an individual has experienced a medical emergency.

97. Mr. Harrison seeks the Court to declare that Defendants Brewer and Broady, acting in their official and personal capacities, were negligent by failing to follow policies and/or procedures designed to provide guidance in the use of force during a routine accident investigation in which an individual has experienced a medical emergency.

## VI. GENERAL CAUSATION AND DAMAGES

98. As a direct and proximate result of the foregoing Causes of Action, Mr. Harrison has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

99. As a direct and proximate result of the foregoing counts, Mr. Harrison has suffered damages as stated herein, in an amount to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joshua Harrison, prays this Court grant relief against the named

Defendants under his claims as asserted above in the following manner including but not limited to:

    a. An award of full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended;

    b. An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

    c. Declaratory relief as sought herein;

    d. An award of reasonable attorney's fees incurred as a result of this litigation;

    e. Pre and Post Judgment interest, and

    f. For all other necessary and proper relief in the premises.

## VIII.   DEMAND FOR JURY

Comes now Plaintiff, Joshua Harrison, by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully Submitted,

Dated:  April 1, 2022

s/J. Clayton Culotta
J. Clayton Culotta, # 26733-11
Culotta & Culotta LLP
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 913-6988
Facsimile No. (812) 941-8883
clay@culottalaw.com

Counsel for Plaintiff